[No. 25936. Department One. September 9, 1936.]

J. W. SPANGLER *et al.*, *Respondents*, v. NORTH PACIFIC FINANCE CORPORATION, *Appellant*.[1]

*Allen & Wilkins* (*Edgar R. Rombauer*, of counsel), for appellant.

*Bausman, Oldham, Cohen & Jarvis* and *Simon Wampold, Jr.*, for respondents.

[1]Reported in 60 P. (2d) 232.

MITCHELL, J.—J. W. Spangler, P. B. Truax and R. V. Ankeny, as liquidating trustees of The Seattle National Bank of Seattle and of The Seattle National Company, a corporation, brought this suit against North Pacific Finance Corporation, a corporation, on thirty-four participating certificates of stock, of the total face value of $15,850, issued by the defendant.

The defendant is, and for several years has been, engaged in liquidating its outstanding participating certificates of stock. It is alleged that the defendant has paid 82½ per cent of the face value on other outstanding certificates, but refuses to pay plaintiffs anything on the certificates held and owned by them, refusing to recognize the validity of the certificates held by the plaintiffs. Plaintiffs demand judgment in the sum of 82½ per cent on the face value of their certificates.

In addition to appropriate general denials of certain allegations in the complaint, the defendant sets up, in its answer, an affirmative defense, by way of estoppel, about as follows: That defendant is a corporation authorized to issue participating certificates of stock, to be signed by the secretary and also by the president of the corporation, to which certificates the secretary shall attach the corporate seal; that, during all of the time of the issuance of the certificates here involved and until the date of his death, one Arthur Bastheim was secretary and treasurer of the corporation; that, from time to time, as defendant was called upon by holders of participating certificates to redeem them or to permit a transfer to another, the defendant company would demand that the certificate be presented to the company, which would take physical possession thereof and pay for it in cash, or, as the case might be, draw a new certificate in the name of the assignee, and in either event it was the duty of Arthur Bastheim

to paste the old certificate in the certificate book and cancel it; that, if a redemption was being made, it was Bastheim's duty to file the certificate in the *closed* file, and if a transfer to another was made, a new card would be made out in the name of the payee of the new certificate and placed in the *active* file. It was also alleged that The Seattle National Bank, at all times mentioned in the complaint, had notice and knowledge of the relation of Bastheim with the defendant and of his duties as an officer of the corporation.

It was further alleged that the certificates mentioned in the complaint had been redeemed by the defendant, either by the issuance of new certificates to the transferee thereof or by cash, and that each and all certificates redeemed were given into the possession of Bastheim as secretary-treasurer of the corporation to be cancelled and filed in the certificate book out of which they were originally issued, but that Bastheim, fraudulently and contrary to his duty, failed and neglected to cancel the certificates and to file the same in the certificate book from which they were issued, and did corruptly and dishonestly negotiate the same to The Seattle National Bank, who, with notice of his official connection with defendant corporation and his duties as such, took the same as collateral for his individual indebtedness to the bank.

It was further alleged that, if any certificate was placed with the bank by Bastheim as collateral, which had not been so redeemed at the time, Bastheim was permitted by the bank thereafter to take the certificate from the bank, whereupon Bastheim fraudulently and dishonestly presented it to the defendant corporation for redemption, and the corporation, without notice that the certificate had been assigned to, or

placed in the possession of, the bank, did redeem the certificate, which Bastheim thereafter returned to the bank.

By a reply, the plaintiffs denied the allegations in the affirmative defense, other than those of a formal nature.

The trial resulted in findings and conclusions upon which judgment was entered for the plaintiffs according to the allegations and demands of the complaint. The defendant has appealed.

The first assignment is that the trial court erred in finding that the certificates, once pledged, did not leave the bank. The contention is that the certificates, which were transferred or redeemed by the appellant after they were pledged by Bastheim, were obtained from the bank by him during the time or period of the pledge, and were presented by him to the appellant corporation for transfer or redemption in his favor and thereafter returned by him to the bank.

This contention presented a pure question of fact and the one upon which the greatest amount of testimony was taken. It was the principal controversy in the trial of the case.

The trial court found:

"That the plaintiffs, as the successors to the assets of said bank, now have said certificates in their possession; that said certificates, after their pledge, by said Bastheim to the bank, did not leave the possession of the bank."

There was a conflict in the testimony on this question. Our examination of it satisfies us that it preponderates in favor of the finding.

The only other assignment is that the trial court erred in failing to distinguish between the several types of transactions by which the bank acquired the certificates.

The trial court found, upon a preponderance of the evidence, as we view it, that the respondents, as trustees, came into possession and ownership of all the assets of the bank, including the certificates involved in this action, and that,

"Each and every one of said certificates was a duly issued valid certificate. Each and every one of said certificates was duly endorsed by the payee thereof on the back of said certificates and one Arthur Bastheim, either by virtue of the fact that said certificates were payable to him as payee or through proper endorsement and delivery became the owner and holder of all of said certificates."

And,

"That thereafter said Bastheim as the owner and holder of said certificates delivered same, properly endorsed, to the Seattle National Bank in pledge to secure money borrowed by said Bastheim from said bank. The Bastheim indebtedness to the bank was at all times in excess of the par and value of the certificates as pledged to secure said indebtedness."

In arguing this assignment, the contention on behalf of the appellant is that the special circumstances under which the certificates were obtained require that they be placed in more than one group for the purpose of determining the good faith of the respondents in acquiring possession and ownership of the certificates. There was some difference in the manner of acquiring some of the certificates, as compared with the manner of acquiring others, which, in a way, justifies a grouping of them; but the differences were in form rather than in substance, in detail rather than in effective result.

It appears that each and all of the certificates are fair upon their faces, and valid. Each is signed by the president or vice-president *and* by the secretary, who was transfer agent or officer of the appellant

corporation. Each has the corporate seal attached to it, and, at the time of being pledged, had upon it the endorsement of the name of the owner. All of the signatures are genuine. Each certificate was taken as collateral, in good faith and in the ordinary course of business, and thereafter, before commencing this action, was purchased from the owner—the estate of Arthur Bastheim, deceased.

The answer of the appellant to the complaint contained another affirmative defense which has not been insisted upon on the appeal. At least, it is without merit, and, in substance, has been disposed of adversely by what we have said already.

Judgment affirmed.

MILLARD, C. J., TOLMAN, STEINERT, and GERAGHTY, JJ., concur.